IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMEON THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00966 |
| ASCENSION ST. THOMAS MIDTOWN HOSPITAL and SEPIDEH KHANSARI, | ) ) JUDGE RICHARDSON ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dameon Thomas, a Tennessee resident proceeding pro se, has filed a Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief (Doc. No. 1) against Ascension St. Thomas Midtown Hospital and its "Legal Advis[o]r," Sepideh Khansari. (*Id.* at 1, 3.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application lists no assets or income other than food stamps and indicates that he receives his healthcare for free. The IFP application therefore suggests that he cannot pay the $405 civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the

necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

The Complaint invokes the Court's federal question jurisdiction and alleges that Ascension St. Thomas Midtown Hospital ("St. Thomas") violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in responding to Plaintiff's request, on July 18, 2024, "for video footage related to Dameon Thomas's visit." (Doc. No. 1 at 1, 3.) St. Thomas "partially responded" to Plaintiff's FOIA request "but refused to release the video footage," citing HIPAA[1] concerns. (*Id.* at 1.) Plaintiff appealed this response, but St. Thomas "maintained its refusal to release the footage." (*Id.*) Plaintiff asserts that such video footage is a matter of public record, and that he therefore has the right to access it in order "to [under]stand the events surrounding [his] visit and to support [his] allegations of attempted murder, aggravated assault, criminal negligence, medical malpractice, medical

---

[1] The Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.*, which generally mandates that a person's medical information be kept confidential.

negligence, violation of Americans with Disabilities Act, 5th Amendment constitutional violation, and 14th Amendment constitutional violation." (*Id.* at 2 (cleaned up).) He asks the Court to order its immediate release and to allow him to "host a visual and listening exercised in the ED Examining Room #2 to see if the ED staff could actually hear Mr. Thomas screaming for the nurse that gave him the shot to stop. . . ." (*Id.* at 2, 3.)

Eight days after filing his Complaint, Plaintiff filed a supplemental pleading in which he provides additional facts about his visit to the St. Thomas Emergency Department (ED) for treatment of blood pressure elevated to "200+/119," the "altercation" he had "for the third time with the medical staff and the security guards in the ED waiting area," and what he claims to be the deliberate administration of a "migraine headache cocktail shot" to the wrong site in his body in an effort "to commit murder or at the very least aggravated assault in retaliation [for] the [Plaintiff's] response to the staff's incompetency and lack [of] care." (Doc. No. 5.)

Plaintiff subsequently filed a Motion to Amend his original Complaint (Doc. No. 6), in which he further elaborates on his treatment at the St. Thomas ED with a "cocktail" composed of a steroid, a blood pressure medication, and two anti-nausea medications,[2] as follows:

> On 06/22/2024 at 19:41:07 the petitioner's medication was changed by Brooks MD, Benjamin. The medical professionals' administration of the shot, under the guise of "treatment" in its most nefarious sense, as they deceived the Petitioner into believing it was beneficial, when in fact in was intended to end the petitioner['s] life. The petitioner accuse[s] the medical professionals of using "faith and trust" to flimflam into receiving a lethal injection, masquerading as a legitimate treatment, thereby violating the petitioner['s] trust and attempting to take the petitioner['s] life.

(*Id.* at 2.) In this Motion to Amend, Plaintiff invokes FOIA, Federal Rules of Civil Procedure 26 and 38, Federal Rule of Criminal Procedure 23, 18 U.S.C. § 1519 (a federal statute criminalizing destruction, alteration, or falsification of records in federal investigations and bankruptcy

---

[2] Plaintiff names these medications as dexamethasone, Benadryl, Hydralazine, and Droperidol. (Doc. No. 6 at 2.)

proceedings), a state law Plaintiff refers to as "Patient's Bill of Rights," the Fourth and Fourteenth Amendments to the U.S. Constitution, and the Tennessee statute requiring informed consent for medical treatment. (Doc. No. 6 at 3–4.) The Motion to Amend also includes St. Thomas's "Risk Management Department," "Security Department," and "Consumer and Patient Experience" as Defendants within the caption. (*Id.* at 1.)

No viable claim to relief is plausibly stated in any of Plaintiff's pleadings. While the gravamen of the Complaint is its claim that Defendants violated FOIA, that federal statute does not apply to a private entity such as St. Thomas, but only to agencies of the federal government. *Esposito v. Midland Credit Mgmt. Inc.*, No. 23-10619, 2023 WL 3483874, at *1–2 & n.1 (E.D. Mich. May 16, 2023). Moreover, there is no route to liability for a Fourth or Fourteenth Amendment violation in the absence of state action. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978) (noting that "most rights secured by the Constitution are protected only against infringement by governments"); *Middaugh v. City of Three Rivers*, 684 F. App'x 522, 527 (6th Cir. 2017). The physicians and other staff of a private hospital's ED cannot be regarded as acting on behalf of the State when they administer medical treatment to a citizen who avails himself of their services, unless in doing so "they felt the coercive will of the State bearing upon them." *Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018). There is no indication here that any provider at the St. Thomas ED was coerced or encouraged by the State when they administered medical treatment to Plaintiff.

The Federal Rules of Civil and Criminal Procedure do not provide grounds upon which a viable claim to relief may be stated, *see Williamson v. Analytics Consulting LLC*, No. CV 24-1403 (JEB), 2024 WL 3985919, at *3 (D.D.C. Aug. 29, 2024) (citing cases), nor does a federal criminal statute such as 18 U.S.C. § 1519. *See*, *e.g.*, *Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293,

at *2–4 (E.D. Mich. July 23, 2021), *report and recommendation adopted*, 2021 WL 3603366 (E.D. Mich. Aug. 13, 2021) (citing, *e.g.*, *Am. Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (noting "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions")).

Finally, the contention at the heart of this lawsuit—that the staff at St. Thomas, exasperated with Plaintiff and his accusations that they were incompetent or unwilling to provide him adequate care, deliberately attempted to kill him with a combination of medications otherwise commonly prescribed—is patently frivolous. A suit is frivolous "when the plaintiff fails to present any claim with an arguable or rational basis in law or fact." *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (citing, *e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). Claims that are legally frivolous "include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist," while claims that are factually frivolous present "fantastic or delusional scenarios." *Id.* Courts presented with factual allegations that are clearly baseless have the "discretion to refuse to accept without question the truth of [such] allegations." *Id.* at 331 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Here, even if Plaintiff had sued a proper defendant under the federal constitution or a federal statute, any such claim would depend on a factual scenario that is simply untenable—that St. Thomas physicians and nurses conspired to rid themselves of a difficult patient by administering a lethal injection. Plaintiff's "fail[ure] to present any claim with an arguable or rational basis in law or fact" justifies dismissal of this action as frivolous. *Huey*, 53 F. App'x at 330.

## III. CONCLUSION

For these reasons, this action is **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The dismissal is without prejudice to Plaintiff's ability to pursue state-law claims for medical malpractice, violation of patient's rights, informed consent, or other state-law claims in state court. In light of this disposition, all pending motions in this case (Doc. Nos. 6, 8, 10, 14, 15) are **DENIED** as moot.

The Clerk is **DIRECTED** to return Plaintiff's three most recent filings (Doc. Nos. 13, 14, and 15) to him. These filings appear to be related to an attempt to file a new lawsuit involving some of the same parties, but some different from those named in Plaintiff's prior pleadings, as well as asserting different causes of action. These filings are not proffered as potential amendments to Plaintiff's prior pleadings, are not supported by any motion to amend, and therefore are not properly a part of the record of this case. Plaintiff is of course free to file a new action in this Court if he so desires, but the file of the current case is hereby **CLOSED**.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE